Dear Mr. Bonnaffons:
Our office has received your request for an Attorney General's Opinion regarding the termination of voting rights of individuals convicted of federal offenses. With the passage of the Comprehensive Crime Control Act in 1984, you have requested an opinion on the following question:
 Do federal probationers and/or supervised releasees convicted of felonies and sentenced under the Comprehensive Crime Control Act lose their right to vote during the supervision term?
Your letter states that "[P]robation in the Federal court is now a sentence in and of itself and, in imposing this sentence, there is no mention of anything being suspended. Moreover, the Act abolished parole and created Supervised Release, which is a term of supervision to follow whatever term of imprisonment is imposed and served. Again, there is no suspended incarceration."
Enclosed for your information and review, please find a copy of Attorney General Opinion Number 89-456, which fully addresses the matter at hand. Specifically, our office has opined:
 It is clear that the legislature in exercising the constitutional authority delegated by Art. I, § 10 has elected to limit disqualification from voting where a felony conviction is present to those cases where an order of imprisonment is actually imposed, whether it be made executory or whether it be suspended or probated.
Therefore, the question with regard to sentencing under the Comprehensive Crime Control Act is whether a federal probationer or supervised releasee has actually received an order of imprisonment, regardless of whether such order has been made executory, suspended or probated. If the answer is yes, then it is our opinion that such individual loses his right to register and vote. As we opined in opinion number 89-456, if the two following essential requirements are met: (1) Conviction of a felony, (2) for which a sentence of incarceration is imposed, although suspended, probated or paroled, then the suspension of voting rights under the Constitution and the Election Code are satisfied. However, we have further opined that simple probation, where the imposition of sentence is suspended, and where there is no sentence at all, does not suffice to suspend voting rights.
Additionally, you question whether your office and other probation offices should inform those individuals who are convicted of felonies and sentenced to incarceration, whether suspended, probated or paroled, that their voting rights have been suspended. The Louisiana Election Code mandates thatno person shall be permitted to vote who is under an order of imprisonment for conviction of a felony. LSA-R.S.18:102(1). While the Election Code may not require that your office and other probation offices inform individuals in this situation that he or she is not permitted to vote in Louisiana, it may be prudent of your office to do so.
Additionally, enclosed herein for your information and review is a copy of Attorney General Opinion Number 88-565, written to a registrar of voters, regarding the legal procedures for removal of a person from the voter registration rolls in the event of afederal felony conviction. The opinion points out that the Louisiana Election Code provides procedures for reports from state agencies and the removal from the rolls of persons convicted of state felony charges; however, the opinion recognizes that there are no specific procedures established for notification of the registrar of voters when a person is convicted in a court other than a Louisiana State Court. Nevertheless, LSA-R.S. 18:193 provides for the challenge of a voter if, for example, the registrar has reason to believe or has been presented with an affidavit stating that a registered voter was convicted of a federal or foreign felony. With such information, it is the duty of the registrar to initiate challenge procedures and if the conviction has occurred, to remove the person from the voter rolls. Therefore, while you are not required by law to do so, again, it may be prudent of your office and other probation offices to report any federal felony convictions to the Office of the Commissioner of Elections.
We hope this opinion, and those attached, addresses all of your concerns. However, if we can be of additional assistance in this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
Mr. Gerald J. Bonnaffons Chief Probation Officer United States District Court Eastern District of Louisiana 501 Magazine Street, Room 505 New Orleans, LA 70130
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LaPLACE
Assistant Attorney General